1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   CHANGE LENDING LLC, formerly          Case No.  21-cv-05700-MMC
    known as COMMERCE HOME
8   MORTGAGE LLC,                         **ORDER GRANTING DEFENDANTS'
                                          MOTIONS TO DISMISS; AFFORDING
9                   Plaintiff,            PLAINTIFF LEAVE TO AMEND;
                                          CONTINUING CASE MANAGEMENT
10          v.                            CONFERENCE**

11  FEDERAL HOME LOAN BANK OF SAN
    FRANCISCO, et al.,
12
                    Defendants.
13

14          Before the Court are two motions:  (1) defendant Federal Home Loan Bank of San

15  Francisco's (FHLB-SF") Motion, filed November 15, 2021, "to Dismiss Plaintiff's Second

16  Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)"; and (2) defendants Federal

17  Housing Finance Agency ("FHFA") and its Acting Director ("Director), Sandra L.

18  Thompson's (collectively, "FHFA Defendants") Motion, filed November 15, 2021, "to

19  Dismiss the Second Amended Complaint."  The motions have been fully briefed.  Having

20  read and considered the parties' respective written submissions, the Court rules as

21  follows.[1]

22                              **BACKGROUND**

23          The following factual allegations are taken from plaintiff Change Lending LLC's

24  ("Change") Second Amended Complaint ("SAC") and are assumed true for purposes of

25  the instant motions.

26          Change, formally known as Commerce Home Mortgage, LLC, is a mortgage

27  _____

28          [1] By order filed January 4, 2022, the Court took the motions under submission.

United States District Court
Northern District of California

1    banking company certified by the United States Department of Commerce as a

2    Community Development Financial Institution ("CDFI").  (See SAC ¶¶ 3, 9, 15.)

3    Change's "primary purposes are to provide financing to underserved and underbanked

4    borrowers, to advance community development[,] and to expand access to capital to

5    creditworthy borrowers who are underbanked and underserved, including Black,

6    Latino/Hispanic[,] and low income borrowers and communities."  (See SAC ¶ 15.)

7          "FHLB-SF is a member-owned cooperative wholesale bank and part of the Federal

8    Home Loan Bank system."  (See SAC ¶ 42.)[2]  FHFA is a federal agency that "oversee[s]"

9    Federal Home Loan banks.  (See SAC ¶¶ 11, 32.)

10         Seeking "to utilize FHLB-SF's access to capital markets to support new lending to

11   [its] customer base," Change "applied for membership in FHLB-SF" and, on December

12   18, 2018, FHLB-SF, in a written "Decision Resolution," stated Change's application was

13   "approve[d]."  (See SAC ¶¶ 2, 51, 56.)  In conformity with a requirement that its members

14   "provide capital to [FHLB-SF] by purchasing stock," FHLB-SF, on December 21, 2018,

15   "demanded that Change immediately fund its stock purchase requirement," which FHLB-

16   SF calculated to be $450,000.  (See SAC ¶¶ 52, 54.)  On December 24, 2018, Change

17   "funded the full $450,000, in cash," and FHLB-SF, later that same date, "told Change it

18   would quickly get access to its [credit] facility[3] in January 2019."  (See SAC ¶¶ 55-56.)

19   FHLB-SF, however, did not thereafter open a credit facility for Change; rather, according

20   to Change, FHLB-SF "came up with numerous excuses" for not doing so, such as "cit[ing]

21   'internal issues'" and stating that "meetings during which the credit facility was to be

22   approved were accidentally missed or unexpectedly cancelled."  (See SAC ¶ 57.)

23         On or about April 22, 2019, FHLB-SF "advised Change that[,] despite delays in

24

25         [2] The Federal Home Loan Bank system "was created by Congress in 1932 to
26   provide a reliable source of funds to homebuyers."  See Fidelity Financial Corp. v.
     Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1434 (9th Cir. 1986).

27         [3] A member is "entitled to apply in writing for advances," see 12 U.S.C. § 1249,
28   which the bank has "discretion" to grant or deny, see 12 C.F.R. § 1266.4(a).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

opening the credit facility, Change had to keep up with its capital requirements in order to stay in good standing with [FHLB-SF's] membership requirements," and "demanded that Change immediately purchase an additional $643,000 of FHLB-SF stock."  (See SAC ¶ 72.)  The next day, April 23, 2019, Change made the requested purchase.  (See id.) Thereafter, FHLB-SF "continued to delay extending Change any credit[ ] or . . . services." (See SAC ¶ 73.)

On September 20, 2019, FHLB-SF advised Change by letter that it had "deemed Change's membership in FHLB-SF to be null and void in its entirety," and stated Change could "reapply for FHLB[-SF] membership if it so cho[se]."  (See SAC Ex. A at 1.) Attached to FHLB-SF's letter was a letter written by FHFA to FHLB-SF, wherein FHFA stated it was "confirm[ing]" FHLB-SF's "analysis and its conclusion" that Change, at the time it applied for membership in 2018, had not "satisf[ied]" one of the requirements for membership, specifically, an "operating liquidity ratio requirement,"[4] and, consequently, advised FHLB-SF to "treat its original approval as void" and "rescind its prior approval of [Change's] membership application."  (See SAC Ex. A at 3.)

In January 2020, Change "reapplied for membership," which application was denied by FHLB-SF on May 29, 2020, on the ground that, as described by Change, "FHLB-SF did not believe that Change met the liquidity test set forth in Section 1263.16(b)(2)(iv)."  (See SAC ¶¶ 90, 92.)  Thereafter, "Change availed itself of, and exhausted, its administrative appeals with FHFA, without success."  (See SAC ¶ 93.)

On January 2021, Change submitted its third application for membership to FHLB-SF.  (See SAC ¶ 94.)  Over the course of the next five months, FHLB-SF made "many" requests for additional information, and, by the end of June 2021, Change had "responded to every information request."  (See SAC ¶¶ 96-100.)  "[R]oughly two months later, on September 14, 2021, FHLB[-SF] sent . . . another set of questions to [Change] to

---

[4] As discussed in greater detail below, a CDFI, to be eligible for membership, must demonstrate it has the "operating liquidity ratio" set forth in 12 C.F.R. § 1263.16.  See 12 C.F.R. § 1263.16(b)(2)(iv).

3

United States District Court
Northern District of California

answer, again delaying a decision on the pending membership application."  (See SAC ¶ 100.)

The instant action followed.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

Defendants seek dismissal of all claims alleged in the SAC.  The Court considers each in turn.

//

## A. First Count: Fraud

In the First Count, titled "Fraud" and asserted against FHLB-SF, Change alleges FHLB-SF made "numerous statements to Change that FHLB-SF had accepted Change as a member" (see SAC ¶ 103), as well as "promise[s] of membership benefits" (see SAC ¶ 106), and that said statements and promises were a pretense for FHLB-SF "to convince Change to pay FHLB-SF the money FLHB-SF demanded" (see SAC ¶ 109). According to Change, FHLB-SF "never intended to extend Change the same benefits it provide[d] its other member organizations" (see SAC ¶ 110) and, in particular, access to "credit facilities" (see SAC ¶ 3).

The elements of fraud under California law are:  "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).

In support of its claim, Change alleges that:  (1) on December 18, 2018, Lisa Violet, FHLB-SF's Senior Vice President and Chief Risk Officer, stated in a "Written Decision" that FHLB-SF had "approve[d]" Change's application for membership, having found Change "me[t] all of the membership eligibility criteria" (see SAC ¶ 51); (2) Change thereafter submitted to FHLB-SF a "request for [a] credit facility" (see SAC ¶ 74), and, on December 24, 2018, "FHLB-SF" told Change it "would quickly get access to its facility in January 2019" (see SAC ¶ 56);[5] (3) in January 2019, Greg Seibly ("Seibly"), FHLB-SF's President and Chief Executive Officer, told Change "it would take more time" to consider the application, noting the "executive team at FHLB-SF included a lot of 'old school' bankers who did things in a 'traditional' way and did not understand CDFIs such as Change" (see SAC ¶¶ 59, 60, 63); (4) in February 2019, FHLB-SF employee John McCormack told Change a "credit facility would soon be available to Change" but thereafter, in a "series of messages," provided "excuses as to why Change did not

---

[5] The employee who made such statement is not identified in the SAC.

receive its financing as promised," such as cancellation of a "planned meeting" of the "executive team" to address the matter (see SAC ¶ 64); and (5) as of September 20, 2019, the date on which FHLB-SF "rescinded its prior approval of Change's membership," Change's request for a credit facility remained pending (see SAC ¶¶ 74-75).

FHLB-SF argues the First Count is subject to dismissal for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud," see Fed. R. Civ. P. 9(b), specifically, the "who, what, when, where, and how of the misconduct charged," see Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation and citation omitted), as well as "evidentiary facts" that establish the assertedly false or misleading statements were "untrue or misleading when made," see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).

Here, Change fails to allege facts sufficient to establish that any statement FHLB-SF made to it was false when made.  In particular, Change does not allege facts sufficient to show FHLB-SF's statements that Change's membership application had been approved were false when made, i.e., facts to support a finding that FHLB-SF, at the time it made those statements, had determined Change did not meet the criteria for membership.  Change likewise does not allege facts sufficient to show any of the FHLB-SF employees who provided Change with an estimate as to the timeframe in which Change would obtain access to credit knew, at the time the estimate was made, Change would not receive approval within the time so estimated.[6]  Additionally, Change does not allege facts to support a finding that any "excuse" given for the delay in considering Change's request for credit was false, either because the circumstances assertedly constituting the excuse, e.g., the cancellation of a meeting, did not occur, or that the

---

[6] Also, as noted, Change fails to allege the identity of one of the individuals who provided an estimate.  (See SAC ¶ 56.)

United States District Court
Northern District of California

stated circumstance was not the cause of a delay in rendering a decision on Change's request.

Accordingly, the First Count is subject to dismissal.

**B.  Second Count: Violation of § 17200 of Business & Professions Code**

In the Second Count, titled "Violations of California Business & Professions Code section 17200, et seq." and asserted against FHLB-SF, Change alleges FHLB-SF engaged in "fraudulent business practices."  (See SAC ¶ 117.)  FHLB-SF argues the Second Count is subject to dismissal for failure to comply with Rule 9(b).

To the extent the Second Count is based on the same conduct alleged in support of the First Count (see SAC ¶ 118), the Second Count is, for the reasons stated above with respect to the First Count, subject to dismissal.

To the extent the Second Count is based on an allegation that FHLB-SF's "rescind[ing] Change's membership" was part of a "fraudulent scheme" because "Change had met the qualifications for membership under governing regulations" and FHLB-SF's finding to the contrary was "pretextual" (see id.), the Second Count, as set forth below, likewise fails.

As noted, Change alleges the requirement FHLB-SF found Change did not meet was the "operating liquidity ratio requirement."  (See SAC ¶ 76.)  In particular, federal regulations provide that, to be "eligible" for membership in a Federal Home Loan Bank, a CDFI must show its "financial condition is such that advances may be safely made to it," see 12 C.F.R. § 1263.6(a)(4), including that it "has an operating liquidity ratio of at least 1.0 for the four most recent quarters, and for one or both of the two preceding years, where the numerator of the ratio includes unrestricted cash and cash equivalents and the denominator of the ratio is the average quarterly operating expense," see 12 C.F.R. § 1263.16(b)(2)(iv).

Although, as noted, Change alleges it "met the qualifications for membership" (see SAC ¶ 118), Change fails to allege any facts, let alone allege such facts with the particularity required by Rule 9(b), to support a finding that it met the operating liquidity

7

United States District Court
Northern District of California

1  requirement.[7]

2  Accordingly, the Second Count is subject to dismissal.

3  **C.  Third Count:  Violation of Administrative Procedure Act**

4  In the Third Count, titled "Conduct In Excess of Statutory Authority" and asserted

5  against FHFA, Change alleges FHFA violated the Administrative Procedure Act ("APA")

6  when it "directed" or "approved and authorized" FHLB-SF to "retroactive[ly] nullif[y]" the

7  approval of Change's membership application.  (See SAC ¶¶ 121, 129.)  In particular,

8  Change alleges, no statute or regulation provides for the retroactive nullification of the

9  approval of an application for membership (see SAC ¶ 127); rather, according to Change,

10  the only lawful manner by which FHFA can end a membership is to "involuntarily

11  terminat[e]" it for a reason specified in 12 C.F.R. § 1263.27 (see SAC ¶ 126).  As relief,

12  Change seeks an order setting aside the nullification of its membership and a declaration

13  that it "remains a member of FHLB-SF.  (See SAC ¶ 121, Prayer for Relief ¶ E.)

14  FHFA Defendants argue Change lacks standing under Article III of the Constitution

15  to seek the relief sought.  In particular, FHFA Defendants contend, Change's asserted

16  injury, namely, loss of membership in FHLB-SF, is not "likely redressable by a favorable

17  judicial decision."  See Juliana v. United States, 947 F.3d 1159, 1168 (9th Cir. 2020)

18  (identifying requirements for "Article III standing").  Stated otherwise, FHFA Defendants

19  argue, an order setting aside the challenged decision would not result in Change's

20  becoming a member of FHLB-SF, the relief Change seeks.

21  Assuming, arguendo, Change is correct that FHFA lacked any statutory or

22  regulatory power to direct FHLB-SF to void its decision approving Change's application

23  for membership, the remedy for such asserted procedural deficiency would be to "vacate

24  the agency's action and remand to the agency to act in compliance with its statutory

25  _____

26  [7] Additionally, a plaintiff who seeks to proceed with a § 17200 claim under the
"fraud prong" must allege "actual reliance on the allegedly deceptive or misleading
27  statements," see Kwikset v. Superior Court, 51 Cal. 4th 310, 326 (2011) (internal
quotation and citation omitted), and Change does not allege it relied to its detriment on
28  any statement that its membership had been rescinded.

1   obligations."  See Southeast Alaska Conservation Council v. United States Army Corps of

2   Engineers, 486 F.3d 638, 654 (9th Cir. 2007), rev'd on other grounds, 557 U.S. 261

3   (2009).

4          Although not clearly expressed, Change appears to take the position that, if the

5   subject decision is set aside, there would be no ground upon which its membership could

6   be terminated under § 1263.27, and, consequently, the proper remedy would be to

7   reinstate Change as a member of FHLB-SF.  One of the grounds for termination of

8   membership under § 1263.27, however, is the failure of a member to "comply with . . .

9   any regulation adopted by FHFA," see 12 C.F.R. § 1263.27(a)(1), and, as noted above

10  with regard to the Second Count, a CFDI is ineligible for membership if it does not have

11  the "operating liquidity ratio" set forth in § 1263.16(b)(2)(iv).  As further noted, Change

12  has not alleged any facts to support a finding that, contrary to the determination of FHFA

13  and FHLB-SF, Change did in fact meet the operating liquidity ratio requirement.[8]  Under

14  such circumstances, the SAC fails to include facts to support a finding that, if the

15  rescission of approval were found to be procedurally improper, the appropriate remedy

16  would be to reinstate Change as a member of FHLB-SF.

17         Accordingly, the Third Count is subject to dismissal.

18  **D.  Fourth Count:  Declaratory Judgment**

19         The Fourth Count, titled "Declaratory Judgment" and asserted against FHLB-SF, is

20  based on the same facts as those on which the Third Count is based (see SAC ¶¶ 135-

21  138) and, consequently, much like the relief sought in the Third Count, the relief Change

22  seeks in the Fourth Count is a declaration that the "acts of voiding, nullifying[,] or

23  rescinding [its] membership in FHLB-SF were invalid," with the result that Change

24  "remains a member of FHLB-SF."  (See SAC ¶ 141.)  Consequently, for the reasons

26         [8] As an aside, FHFA notes that where a membership can be, and is, involuntarily
27  terminated, such member is prohibited from reapplying for membership for five years, see
    12 C.F.R. § 1263.30, whereas, under the nullification procedure employed here by FHFA,
28  Change was allowed to reapply at any time, and it did so, twice.

United States District Court
Northern District of California

1    stated with respect to the Second and Third Counts, Change fails to allege facts to

2    support a finding that it met the requirements for membership.

3            Accordingly, the Fourth Count is subject to dismissal.

4    **E. Fifth Count: Declaratory Judgment**

5            In the Fifth Count, titled "Declaratory Judgment" and asserted against FHLB-SF,

6    Change seeks a declaration that its third application for membership in FHLB-SF "is

7    complete."  (See SAC ¶ 147.)[9]

8            To be entitled to declaratory relief, the plaintiff must show the alleged

9    "disagreement" has "taken on fixed and final shape so that a court can see what legal

10   issues it is deciding, what effect its decision will have on the adversaries, and some

11   useful purpose to be achieved in deciding them."  See Public Service Comm'n v. Wycoff

12   Co., 344 U.S. 237, 244 (1952).

13           Here, Change alleges "an actual dispute" exists as to whether the third application

14   is complete.  (See SAC ¶ 145.)  As FHLB-SF points out, however, the Fifth Count is

15   premature, in that Change has not alleged any decision has been made by FHLB-SF on

16   the third application.[10]

17           Accordingly, the Fifth Count is subject to dismissal.

18   //

19   //

20   _____

21           [9] In the SAC, Chase also seeks as relief on the Fifth Count a declaration that
     "Change has met the requisite criteria for membership in FHLB-SF" (see id.), a request
22   the Court deems withdrawn from the Fifth Count, in light of Change's statement in its
     opposition that the Fifth Count "merely asks the Court to determine whether, in fact, the
23   third membership application is complete or not."  (See Pl.'s Opp. to FHLB-SF's Mot. at
     32:3-4.)

24           [10] Additionally, the Court questions whether a claim for declaratory judgment can
25   be pleaded in the absence of facts sufficient to show the position taken by the plaintiff is
     viable.  Here, Change has not set forth facts sufficient to show it meets the definition of
26   "complete" as set forth in the applicable federal regulations.  See 12 C.F.R. § 1263.3(c)
     (defining "complete"); 12 C.F.R. § 1263.6 (setting forth showing applicant must make).
27   The Court also questions whether a claim for declaratory judgment can be based on only
     a fragment of a claim.  As neither has been addressed by the parties, however, the Court
28   does not consider these issues further herein.

United States District Court
Northern District of California

**F.  Sixth Count:  Violation of Administrative Procedure Act**

In the Sixth Count, titled "Violation of the Administrative Procedure Act" and asserted against FHFA Defendants, Change alleges the Director failed to comply with FHFA's statutory duty to "'ensure that . . . each regulated entity,'" such as FHLB-SF, "'complies with [Chapter 45 of Title 12] and the rules, regulations, guidelines, and orders issued under [said] chapter and the authorizing statutes.'"  (See SAC ¶ 149 (quoting 12 U.S.C. § 4513(a)(1)(B)(iii)); see also SAC ¶ 151).)  As relief, Change again seeks a declaration that the nullification of its membership was "invalid" and that "Change remains a member of FHLB-SF."  (See SAC, Prayer for Relief, ¶ H.)

To the extent the Sixth Count is based on the allegation that FHFA Defendants improperly "authoriz[ed]" FHLB-SF to void the approval of Change's first application for membership (see SAC ¶ 151; see also SAC ¶¶ 81-85, 148), the Sixth Count is subject to dismissal for the reasons stated above with respect to the Third Count, namely that the SAC fails to include facts to support a finding that, if the nullification decision were set aside, the proper remedy would be reinstatement.

To the extent the Sixth Count is based on an allegation that FHFA Defendants "accept[ed] FHLB-SF's pretextual analysis" for ending Change's membership (see SAC ¶ 151), the Sixth Count is subject to dismissal for the reasons stated above with respect to the Second, Third, and Fourth Counts, namely, that Change fails to allege facts to show it met the operating liquidity requirement.

Accordingly, the Sixth Count is subject to dismissal.

**G.  Seventh Count:  Violation of Administrative Procedure Act**

In the Seventh Count, titled "Violation of the Administrative Procedure Act" and asserted against FHFA Defendants, Change alleges the Director failed to comply with FHFA's statutory duty to "'ensure that . . . the activities of each regulated entity and the manner in which such regulated entity is operated are consistent with the public interest.'" (See SAC ¶ 154 (quoting 12 U.S.C. § 4513(a)(1)(B)(v)); see also SAC ¶ 157).)

To the extent Change challenges, as inconsistent with the public interest, FHFA

1   Defendants' "allowing FHBL-SF to . . . refus[e] to extend its membership benefits during

2   the time it was an approved member" and "retroactively declaring Change's

3   [m]embership to be 'void,' 'nullified[,]' or 'rescinded'" (see SAC ¶ 157), and seeks as relief

4   a declaration that the nullification of its membership was "invalid" and that "Chase

5   remains a member of FHLB-SF" (see SAC, Prayer for Relief ¶ I), the Seventh Count is

6   subject to dismissal for the reasons stated above with respect to the Sixth Count.

7       To the extent Chase challenges FHFA Defendants' "allowing" FHLB-SF to

8   "retaliat[e] against Change by refusing to properly consider the [t]hird [a]pplication" (see

9   SAC ¶ 157) and to "act with racial animus" (see SAC ¶ 158), the Seventh Count is

10  subject to dismissal for the reason that the SAC lacks any facts to support a finding that

11  FHBL-SF's actions were taken for purposes of retaliation or racial animus.

12      Accordingly, the Seventh Count is subject to dismissal.

13  **H.  Eighth Count:  Violation of Administrative Procedure Act**

14      The Eighth Count, titled "Violation of the Administrative Procedure Act" and

15  asserted against FHFA Defendants, is based on essentially the same allegations as

16  those on which the Seventh Count is based, the sole difference being the substitution of

17  a different but similar statutory duty, namely, the duty to "'ensure that the purposes of

18  [the] Act, the authorizing statutes, and any other applicable law are carried out."  (See

19  SAC ¶ 161 (quoting 12 U.S.C. § 4511(b)(2).)

20      Accordingly, the Eighth Count, for the reasons stated above with respect to the

21  Seventh Count, is subject to dismissal.

22  **I.  Ninth Count: Breach of Implied-in-Fact Contract**

23      In the Ninth Count, titled "Breach of Implied-in-Fact Contract" and asserted against

24  FHLB-SF, Change alleges a contract was formed when FHLB-SF approved Change's

25  initial application for membership (see SAC ¶ 168), and that, in light of Change's having

26  "satisfied and maintained all membership criteria" (see SAC ¶ 169), FHLB-SF breached

27  the contract by not providing Change "membership benefits" and "purporting to rescind

28  Change's membership" (see SAC ¶ 170).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    FHFA Defendants, in seeking dismissal of the Ninth Count on behalf of FHBL-

2  SF,[11] argue the claim fails for the reason that Change has not alleged facts to support a

3  finding it was eligible for membership.  The Court, as discussed above, agrees Change

4  has not alleged facts sufficient to support such a finding, and Change does not allege an

5  "implied-in-fact" contract was formed on some other basis.

6    Accordingly, the Ninth Count is subject to dismissal.

7  **J. Tenth Count: Breach of Implied Covenant of Good Faith and Fair Dealing**

8    In the Tenth Count, titled "Breach of the Implied Covenant of Good Faith and Fair

9  Dealing" and asserted against FHLB-SF, Change alleges FHLB-SF breached said

10  implied covenant in the above-referenced implied contract by not providing Change credit

11  and by rescinding Change's membership despite Change's having "satisfied and

12  maintained all membership criteria."  (See SAC ¶¶ 174-75.)

13    As set forth above, Change has not alleged facts sufficient to support a finding that

14  it was eligible for membership under the governing regulations.

15    Accordingly, the Tenth Count is subject to dismissal.

16                              **CONCLUSION**

17    For the reasons stated above, defendants' motions to dismiss are hereby

18  GRANTED, and the Second Amended Complaint is hereby DISMISSED.

19    Should Change wish to amend to cure the above-noted deficiencies, it shall file a

20  Third Amended Complaint no later than July 8, 2022.  Change may not, however, add

21  therein any new claims without first obtaining leave of court.  See Fed. R. Civ. P.

22  15(a)(2).

23  //

24

25    [11] The above-titled action was removed from state court.  During the period in
26  which the action was pending in state court, FHFA, which was not then a named
   defendant, sought and obtained leave of court to intervene for the purpose of responding
27  to Change's claims against FHLB-SF.  (See Doc. No. 1-2.)  Change has not sought
   reconsideration of such order and states it "does not intend to do so."  (See Pl.'s Opp. to
28  FHFA's Mot. at 28:22-25).

In light of the above, the Case Management Conference is hereby CONTINUED from July 8, 2022, to September 30, 2022, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than September 23, 2022.

**IT IS SO ORDERED.**

Dated: June 21, 2022

MAXINE M. CHESNEY
United States District Judge