IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGE LENDING LLC, formerly known as COMMERCE HOME MORTGAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN BANK OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 21-cv-05700-MMC<br><br>**ORDER GRANTING FHLB-SF'S MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART FHFA DEFENDANTS' MOTION TO DISMISS** |

Before the Court are two motions: (1) the "Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)," filed August 19, 2022, by defendant Federal Home Loan Bank of San Francisco's ("FHLB-SF") and (2) the "Motion to Dismiss the Third Amended Complaint," pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed August 19, 2022, by defendants Federal Housing Finance Agency ("FHFA") and its Director ("Director"), Sandra L. Thompson (collectively, "FHFA Defendants"). The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

The claims in the instant action arise out of the efforts of plaintiff Change Lending LLC ("Change"), a "certified Community Development Financial Institution" ("CDFI") (see TAC ¶ 4), to become a member of FHLB-SF, a "member-owned cooperative wholesale bank" (see TAC ¶ 45), which entity is regulated by FHFA, a federal agency (see TAC ¶¶ 35-36). In particular, Change alleges that it first applied for membership in or about

---

[1] By order filed October 3, 2022, the Court took the matters under submission.

June 2018 (see TAC ¶¶ 48-50), that FHLB-SF approved Change's first application in December 2018 (see TAC ¶ 65), that FHLB-SF "rescinded its prior approval of Change's membership" in September 2019, based on a determination "Change had not satisfied the operating liquidity ratio requirement when it applied for membership" (see TAC ¶ 96),[2] that Change reapplied for membership in January 2020 (see TAC ¶ 112), that FHLB-SF denied Change's second application in May 2020, stating Change had, again, not satisfied the "liquidity test" (see TAC ¶ 116), that Change filed an administrative appeal with FHFA, which denied the appeal in November 2020 (see TAC ¶¶ 117-18), and that Change then submitted, in January 2021, a third application for membership, which application FHLB-SF has yet to grant or deny, even though it "confirmed to Change," in March 2021, that "it appears Change complies with the [requisite] financial metrics in the Finance Agency membership regulations" (see TAC ¶¶ 122, 126, 158).

By order filed June 21, 2022 ("June 21 Order"), the Court granted defendants' motions to dismiss the Second Amended Complaint ("SAC") and dismissed the ten Counts asserted in the SAC, with leave to amend. Thereafter, Change filed its Third Amended Complaint ("TAC"), in which pleading it realleges the First through Eighth Counts asserted in the SAC. By the instant motions, defendants argue the TAC is subject to dismissal.

**A.  FHLB-SF'S Motion to Dismiss**

The First, Second, Fourth, and Fifth Counts are asserted against FHLB-SF only. The Court considers each of those Counts, in turn.

//

---

[2] A CDFI seeking membership must show it "has an operating liquidity ratio of at least 1.0 for the four most recent quarters, and for one or both of the two preceding years, where the numerator of the ratio includes unrestricted cash and cash equivalents and the denominator of the ratio is the average quarterly operating expense." See 12 C.F.R. § 1263.16(b)(2)(iv). In its initial application, Change included in the numerator three types of assets that FHLB-SF accepted at the time it initially approved Change's membership but later determined, on a date not set forth in the record, were not properly included in the numerator, a determination FHFA "confirm[ed]" two days before FHLB-SF rescinded its decision to grant Change's first application. (See SAC Ex. A.)

**1. First Count: Fraud**

In the First Count, titled "Fraud," Change alleges FHLB-SF, after approving Change's first application for membership, made false statements about Change's ability to access FHLB-SF's "credit facilities" (see TAC ¶¶ 4, 72), one of the "benefits of membership" (see TAC ¶ 4). In particular, Change alleges, FHLB-SF, during the period of time in which Change was a member, "came up with numerous excuses for why Change did not yet have [a] credit facility," such as "cit[ing] 'internal issues' for the delay" and stating that "meetings during which the credit facility was to be approved were accidentally missed or unexpectedly cancelled" (see TAC ¶ 73), and, as late as "the summer of 2019," continued to make "promises that Change would soon begin to enjoy the same benefits as its fellow members" (see TAC ¶ 94). Change alleges the statements by FHLB-SF that Change would, at some point, receive access to credit were false, in that "FHLB-SF had determined that it would not allow Change to access the credit facilities it promised." (See TAC ¶ 164.)

In its June 21 Order, the Court dismissed the First Count, finding it was not pleaded in conformity with Rule 9(b), and, in particular, that Change had failed to allege facts sufficient to establish that any statement FHLB-SF made to it was false when made. FHLB-SF argues that the TAC does not contain allegations sufficient to cure said deficiency.

The elements of fraud under California law are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). In pleading fraud, a plaintiff, pursuant to Rule 9(b), must "state with particularity the circumstances constituting fraud," see Fed. R. Civ. P. 9(b), specifically, the "who, what, when, where, and how of the misconduct charged," see Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation and citation omitted), as well as "evidentiary facts" that establish the assertedly false or misleading statements were "untrue or misleading

3

when made," see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).

As FHLB-SF points out, the TAC repeatedly alleges that the promises on which Change relies were made with "no intention" to perform them. (See TAC ¶¶ 72, 73, 75, 94; see also, e.g., TAC ¶ 79 (alleging FHLB-SF "did not intend" to perform its promises). Such allegations are insufficient for purposes of pleading a fraud claim. See Icasiano v. Allstate Ins. Co., 103 F. Supp. 2d 1187, 1191-92 (N.D. Cal. 2000) (holding "nebulous, retrospective allegation that [defendant] never had any intention of performing [promise] is insufficient" to satisfy Rule 9(b)).

In its opposition, Change argues such fraudulent intent nonetheless can be inferred from factual allegations in the TAC. As set forth below, those allegations, whether considered separately or in combination, do not suffice to support such an inference.

Change first relies on its allegations that FHLB-SF, on September 20, 2019, rescinded the approval of Change's first application, which Change characterizes as a "hasty repudiation" of earlier promises to provide Change credit. (See Pl.'s Opp. at 11:20-21.) The rescission, however, was not "hasty," as it occurred approximately nine months after the first of the promises on which Change relies (see TAC ¶¶ 69, 70 (alleging promise on or about December 21, 2018)) and more than four months after the last of those promises (see TAC ¶ 93) (alleging promise on May 2, 2019)). Moreover, although Change relies on its allegation that FHLB-SF had earlier approved the application, thereby finding in December 2018 Change had satisfied the operating liquidity ratio requirement set forth in 12 C.F.R. § 1263.16(b)(2)(iv), Change does not allege any facts to show FHLB-SF, in December 2018, planned to revise its interpretation of the regulation or that, at any time prior to the date of the last statement on which Change relies, it knew its earlier interpretation was incorrect.

Although a "motive for fraud, such as personal gain, is not a required element of scienter or fraud in general," see In re McKesson HBOC, Inc. Sec. Litig., 126 F. Supp. 2d 1248, 1269 (N.D. Cal. 2000), Change also relies on its allegations that FHLB-SF had a

4

motive to make false promises about credit, namely that FHLB-SF wanted to require "Change to fund [a] stock purchase requirement" (see TAC ¶ 70) and "could use[ ] Change as a prop to promote the notion that FHLB-SF included organizations that cater[ ] to traditionally underserved communities" (see TAC ¶ 110).  These allegations, however, are wholly speculative and, consequently, of no avail.

Lastly, Change relies on its allegation that, during a meeting at which the final promise on which Change relies was made, two FHLB-SF officials told Chase personnel in attendance that "FHLB-SF was becoming uncomfortable with larger CDFIs," that "it was anticipated that FHFA would be amending its membership rules for CDFIs," and that, because Change "was already a FHLB-SF member, Change did not need to worry about receiving its credit facility or that its membership status would change."  (See TAC ¶ 93.) Although Change argues these statements give rise to an inference that FHLB-SF "expect[ed]" it would "never" provide Change with credit (see Pl.'s Opp. at 12:3-4), Change fails to show any such inference can reasonably be drawn, there being no allegation as to what amendment FHLB-SF believed might be forthcoming, let alone that any such possible amendment might result in a retroactive limitation as to FHLB-SF's ability to provide credit to CDFIs in general or to Change in particular.

Accordingly, the First Count is subject to dismissal for failure to plead sufficient facts to support a requisite element of said claim, as well as failure to comply with Rule 9(b).

**2.  Second Count: Business & Professions Code § 17200**

In the Second Count, titled "Violations of California Business & Professions Code § 17200, et seq.," Change asserts that "FHLB-SF's conduct, as alleged [in the TAC], constitutes fraudulent business practices."  (See TAC ¶ 180.)

For the reasons stated above with respect to the First Count, the Second Count is subject to dismissal for failure to plead sufficient facts to support a requisite element of said claim, as well as failure to comply with Rule 9(b).

//

**3. Fourth Count: Declaratory Judgment**[3]

In the Fourth Count, titled "Declaratory Judgment pursuant to 28 U.S.C. § 2201," Change seeks a declaration that FHLB-SF, when it rescinded Change's membership, violated the Federal Home Loan Bank Act, 12 U.S.C. §§ 1421-1449, and regulations promulgated thereunder.

FHLB-SF argues the claim is not cognizable, as no private right of action exists under the Federal Home Loan Bank Act.

The availability of relief under the Declaratory Judgment Act, 28 U.S.C. § 2201-02, "presupposes the existence of a judicially remediable right," and, consequently, where Congress has not provided such a right in a statute, a plaintiff may not rely on § 2201 to obtain a declaration of rights under that statute. See Schilling v. Rogers, 363 U.S. 666, 677 (1960) (holding, where statute provided administrative agency with power to decide whether applicant was entitled to benefit and precluded judicial review of agency decision, plaintiff could not bring court action to seek declaration of his rights under statute); see also City of Reno v. Netflix, Inc., 54 F.4th 874, 8878 (9th Cir. 2022) (holding "the Declaratory Judgment Act does not provide an affirmative cause of action where none otherwise exists").

Where courts have considered the question of whether a private right of action exists under the Federal Home Loan Bank Act, those courts have determined such a right does not exist. See, e.g., Davis-Warren Auctioneers, J.V. v. Federal Deposit Ins. Corp., 215 F.3d 1159, 1162 (10th Cir. 2000) (affirming dismissal of claim where plaintiff alleged federal agency failed to comply with section of Federal Home Loan Bank Act; holding statute "contain[ed] no statement of Congressional intent to afford a private right of action"); Fidelity Fin. Corp. v. Federal Home Loan Bank, 589 F. Supp. 885, 891 (N.D. Cal. 1983) (dismissing claim where member of FHLB-SF alleged FHLB-SF failed to comply with provisions of Federal Home Loan Bank Act; finding Act "does not provide for

---

[3] The Third Count is asserted against FHFA only, and is discussed below.

6

1  [private] right of action" nor does "implied private right of action exist"); Gladstone v.
2  South Shore Fed. & Loan Ass'n, 402 F. Supp. 1291, 1293 (E.D. N.Y. 1975) (holding
3  plaintiff could not bring claim under Federal Home Loan Bank Act, as no "private cause of
4  action" exists under Act).

5  The Court finds the reasoning in the above-cited cases persuasive,[4] and,
6  consequently, finds Change may not seek a declaration of its rights under the Federal
7  Home Loan Bank Act.

8  Accordingly, the Fourth Count is subject to dismissal.

### 4. Fifth Count:  Declaratory Judgment

In the Fifth Count, titled "Declaratory Judgment pursuant to 28 U.S.C. § 2201," Change seeks a declaration that FHLB-SF, by not rendering a decision on Change's third application, has violated a regulation promulgated under the Federal Home Loan Bank Act.

For the reasons stated above with respect to the Fourth Count, the Fifth Count is subject to dismissal.

## B.  FHFA Defendants' Motion to Dismiss

The Third Count is asserted against FHFA only, and the Sixth, Seventh, and Eights Counts are asserted against both FHFA and the Director.  The Court considers each of those Counts, in turn.

### 1. Third Count:  Violation of Administrative Procedure Act ("APA")

In the Third Count, titled "Conduct In Excess Of Statutory Authority," Change alleges that FHFA, by authorizing FHLB-SF to rescind Change's membership, violated the APA, on the ground that said rescission was "inconsistent with the law and the very regulations FHFA itself promulgated."  (See TAC ¶ 195.)

FHFA Defendants contend the Third Count is subject to dismissal for three reasons, none of which the Court, as discussed below, finds persuasive.

---

[4] Change has not cited, and the Court has not located, any contrary authority.

7

1    At the outset, FHFA Defendants argue, Change lacks standing to seek relief for its
2  asserted injury, for the reason that it fails to allege its entitlement to a remedy by which its
3  claimed injury can be redressed. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)
4  (holding plaintiff lacks standing in absence of showing its alleged injury "is likely to be
5  redressed by a favorable judicial decision"). In granting FHFA Defendants' motion to
6  dismiss the SAC, the Court, having construed the SAC as seeking a finding that, if the
7  recission were vacated, defendants would have no ground to terminate Change's
8  membership, determined Change had failed to allege facts to support a finding that no
9  ground for termination existed. In responding to the instant motion, however, Change
10 has clarified that the remedy it seeks is not a finding that its membership could not be
11 terminated post vacatur, but, rather that the parties would be "return[ed] . . . to the status
12 quo" existing prior to the rescission (see Pl.'s Opp. at 24:22-25:1), i.e., that defendants
13 could, at that point, take any action they deemed appropriate, including termination of
14 membership. In light of Change's clarification, the Court finds Change has standing to
15 assert the Third Count.
16    Next, FHFA Defendants, noting the type of agency action reviewable under the
17 APA is a "final agency action," see 5 U.S.C. § 704, argue FHFA's decision authorizing
18 FHLB-SF to rescind Change's membership was not, for two reasons, "final." First, FHFA
19 Defendants argue Change has not alleged it exhausted an available administrative
20 remedy prior to filing suit, namely submission of a complaint to FHFA's Office of the
21 Ombudsman. See 12 C.F.R. §§ 1213.1, 1213.5. Under the APA, however, a plaintiff is
22 required to exhaust administrative remedies prior to filing suit only where such procedure
23 is "expressly required by statute or when an agency rule requires [an administrative]
24 appeal." See Darby v. Cisneros, 509 U.S. 137, 154 (1993). Here, FHFA Defendants cite
25 no statute requiring the submission of complaints to the Office of the Ombudsman and
26 the regulation providing for such option includes no mandatory language, see 12 C.F.R.
27 § 1213.5(a) (providing "any person with a business relationship with a regulated entity . . .
28 may submit a complaint in accordance with procedures established by the Ombudsman")

8

1  (emphasis added).  Second, FHFA Defendants argue FHFA's decision was not final
2  because Change was allowed to "reapply for membership once it me[t] [the operating
3  liquidity ratio requirement] and all other membership requirements."  (See SAC Ex. A.)
4  An action is final for purposes of the APA, however, where such action is one "by which
5  rights or obligations have been determined, or from which legal consequences will flow,"
6  and "mark[s] the consummation of the agency's decisionmaking process," as opposed to
7  being "merely tentative or interlocutory."  See Bennett v. Spear, 520 U.S. 154, 177-78
8  (1997) (internal quotations and citations omitted).  Here, the rescission marked the end of
9  FHFA's consideration of Change's initial application and resulted in the loss of Change's
10 then-existing membership rights.
11         Lastly, FHFA Defendants argue that, on the merits, its decision was not in violation
12 of the APA.  The Court finds such a determination is premature at the pleading stage.
13 Even assuming, arguendo, as FHFA Defendants contend, the interpretation of
14 § 1263.16(b)(2)(iv), as set forth in FHFA's letter authorizing FHLB-SF to rescind
15 Change's membership, is reasonable, and further assuming FHFA has the power to
16 rescind a membership in the absence of a regulation authorizing such procedure,
17 questions remain as to the propriety of the rescission under the circumstances alleged
18 here.  In particular, nothing on the face of the TAC indicates that, as a matter of law,
19 FHFA was entitled to retroactively apply a new interpretation of a regulation to an existing
20 member where, as Change alleges, it had spent "millions of dollars in costs to become a
21 member" under a former interpretation.  (See TAC ¶¶ 61-64); Christopher v. SmithKline
22 Beecham Corp., 567 U.S. 142, 155-56 (2012) (declining to defer to agency's new
23 interpretation of regulation, where it would "undermine the principle that agencies should
24 provide regulated parties fair warning of the conduct a regulation prohibits or requires"
25 and would result in an "unfair surprise").  Moreover, if FHLB-SF had, in the first instance,
26 found Change did not meet the operating liquidity ratio requirement, such finding would
27 not necessarily have resulted in a denial of its application, but, instead, would have given
28 rise to no more than a "rebut[table]" presumption of noncompliance with said eligibility

requirement, see 12 C.F.R. § 1263.17(d)(2) (providing, "in the case of a CDFI applicant's variance from the standards of § 1263.16(b)," opportunity for applicant to submit "substantial evidence to the Bank that the applicant is in the financial condition required by [federal regulations], notwithstanding the variance"), and nothing on the face of the TAC indicates that, as a matter of law, FHFA was entitled to authorize FHLB-SF to retroactively deny an application for failure to comply with the standard set forth in § 1263.17(b)(2)(iv) without affording Change a similar procedural right.

Accordingly, FHFA Defendants have not shown the Third Count is subject to dismissal.

### 2. Sixth Count:  Violation of APA

In the Sixth Count, titled "Violation Of The [APA]," Change alleges FHFA and the Director, by "authorizing FHLB-SF to act in a manner that is inconsistent with the law," did not comply with its statutory duty to "ensure that each regulated entity complies with [the Federal Home Loan Bank Act] and the rules, regulations, guidelines, and orders issued [thereunder]."  (See TAC ¶ 224.)[5]

FHFA Defendants interpret said Count as challenging FHFA's decision to authorize FHLB-SF to rescind Change's membership (see FHFA Defs.' Mot. at 8:1-2), which interpretation Change confirms in its opposition (see Pl.'s Opp. at 9:16-10:4). Under such circumstances, the Sixth Count, for the reasons set forth above with respect to the Third Count, is not subject to dismissal.

### 3. Seventh Count:  Administrative Procedure Act ("APA")

In the Seventh Count, titled "Violation Of The [APA]," Change alleges "the Director has done nothing to stop FHLB-SF from singling out Change for mistreatment" (see TAC ¶ 236), namely, FHLB-SF's allegedly subjecting Change to "racially motivated," "unprecedented scrutiny" and allegedly harboring a "belief" that Change "should not be

---

[5] A Federal Home Loan Bank, such as FHLB-SF, is a "regulated entity."  See 12 U.S.C. § 4502(20).

1  able to access . . . membership benefits" (see TAC ¶ 232).  According to Change, the

2  Director, by not taking action to stop such conduct, has failed to comply with its statutory

3  duty to "ensure that the activities of each regulated entity and the manner in which such

4  regulated entity is operated are consistent with the public interest."  (See TAC ¶ 227

5  (citing § 4513(a)(1)(B)(v)).)

6        FHFA Defendants contend the Seventh Count is not cognizable under the APA,

7  citing a statutory exception under which the APA is inapplicable where "agency action is

8  committed to agency discretion by law."  See 5 U.S.C. § 701(a)(2).  In construing the

9  exception, the Supreme Court has explained that, where a claim is based on an agency's

10 "[r]efusal[ ] to take enforcement steps," a "presumption" arises that "judicial review is not

11 available."  See Heckler v. Chaney, 470 U.S. 821, 831 (1985).  As the Supreme Court

12 has further explained, such presumption can be rebutted only "where the substantive

13 statute has provided guidelines for the agency to follow in exercising its enforcement

14 powers."  See id. at 832-33; see also, e.g., id. at 833-34 (setting forth, as example of

15 circumstance under which presumption rebutted, statute that "required [agency] to file

16 suit if certain clearly defined factors were present," specifically, statute providing agency

17 "shall" investigate complaints made and "shall" file action if it "finds probable cause to

18 believe that a violation . . . has occurred").

19       Here, the Seventh Count is, as noted, based on the Director's having "done

20 nothing to stop" conduct Change asserts constitutes a violation of the Federal Home

21 Loan Bank Act and/or regulations promulgated thereunder.  Consequently, a presumption

22 arises that the Director's alleged failure to take action is not subject to judicial review.

23 Further, as Change has failed to show § 4513(a)(1)(B)(iv), the statute on which Change

24 relies, includes "guidelines for the agency to follow in exercising its enforcement powers,"

25 see Heckler, 470 U.S. at 832-33,[6] the presumption has not been rebutted.

---

[6] The statute on which the Seventh Count is based, namely, § 4513(a)(1)(B)(v), provides that "(1) [t]he principal duties of the Director shall be . . . (B) to ensure that . . . (v) the activities of each regulated entity and the manner in which such regulated entity is operated are consistent with the public interest," see 12 U.S.C. § 4513(a), and that

11

Accordingly, the Seventh Count is subject to dismissal.

**4. Eighth Count: Violation of APA**

In the Eighth Count, titled "Violation Of The [APA]," Change alleges that, by "allowing FHLB-SF to act in a manner that it did" and "allowing FHLB-SF to act with racial animus," the FHFA Defendants did not comply with a statutory duty "to ensure that the purposes of the relevant authorizing statutes and other applicable law are carried out." (See TAC ¶¶ 242, 243 (citing 12 U.S.C. § 4511(b)(2)).)

FHFA Defendants argue the Eighth Count is not cognizable under the APA for the same reasons that the Seventh Count is subject to dismissal. The Court agrees.

The Eighth Count, as noted, is based on FHFA Defendants' having "allowed" FHLB-SF to engage in conduct that, according to Change, violates the Federal Home Loan Bank Act and regulations promulgated thereunder. Such allegation is, in essence, a contention that FHLB-SF has failed to take action to stop the challenged conduct. Consequently, for the reasons stated above with respect to the Seventh Count, a presumption arises that the alleged failure to take action is not subject to judicial review. Further, as Change has failed to show the statute on which Change relies, namely, 12 U.S.C. § 4511(b)(2), includes "guidelines for the agency to follow in exercising its enforcement powers," see Heckler, 470 U.S. at 832-33,[7] the presumption has not been rebutted.

Accordingly, the Eighth Count is subject to dismissal.

//

---

"(2) [t]he authority of the Director shall include the authority . . . (B) to exercise such incidental powers as may be necessary or appropriate to fulfill the duties and responsibilities of the Director in the supervision and regulation of each regulated entity," see id.

[7] The statute on which the Eighth Count is based provides, in full: "The Director shall have general regulatory authority over each regulated entity and the Office of Finance, and shall exercise such general regulatory authority, including such duties and authorities set forth under section 4513 of this title, to ensure that the purposes of this Act, the authorizing statutes, and any other applicable law are carried out." See 12 U.S.C. § 4511(b)(2).

**CONCLUSION**

For the reasons stated above,

1. FHLB-SF's motion to dismiss is hereby GRANTED, and the First, Second, Fourth, and Fifth Counts are hereby DISMISSED without further leave to amend.

2. FHFA Defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

 a. To the extent the motion seeks dismissal of the Seventh and Eighth Counts, the motion is hereby GRANTED, and said Counts are hereby DISMISSED without further leave to amend.

 b. To the extent the motion seeks dismissal of the Third and Sixth Counts, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 23, 2023

MAXINE M. CHESNEY
United States District Judge