SANFORD L. MICHELMAN  (SBN 179702)
*smichelman@mrllp.com*
TIMOTHY J. GORRY  (SBN 143797)
*tgorry@mrllp.com*
JON-JAMISON HILL  (SBN 203959)
*jhill@mrllp.com*
VINCENT LOH  (SBN 238410)
*vloh@mrllp.com*
MATTHEW R. LASKY (*pro hac vice*)
*mlasky@mrllp.com*
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Tel:  (310) 299-5500
Fax: (310) 299-5600

Attorneys for Plaintiff CHANGE LENDING LLC, formerly known as COMMERCE HOME MORTGAGE, LLC,

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGE LENDING LLC, formerly known as COMMERCE HOME MORTGAGE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN BANK OF SAN FRANCISCO; FEDERAL HOUSING FINANCE AGENCY; SANDRA L. THOMPSON, in her official capacity as Acting Director of the Federal Housing Finance Agency; and DOES 1-10, inclusive,<br><br>Defendants, | Case No.:  3:21-cv-05700-MMC<br>Related Case:  3:21-cv-01678-MMC<br>Hon. Maxine M. Chesney<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO SET CASE MANAGEMENT CONFERENCE**<br><br>[Proposed Order filed concurrently]<br><br>Action Filed:  March 9, 2021<br>Trial Date:     None Set |

1

**ADMINISTRATIVE MOTION TO SET CASE MANAGEMENT CONFERENCE**

# NOTICE OF MOTION AND MOTION TO SET CASE MANAGEMENT CONFERENCE

**TO THE CLERK, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-11, and this Court's Civil Standing Order, Plaintiff Change Lending, LLC ("Plaintiff" or "Change") respectfully moves this Court for an order setting a Case Management Conference. The basis for this request is that certain factual developments, described below, pertaining to Change's membership application with Federal Home Loan Bank of San Francisco ("FHLB-SF"), may necessitate amendment of Change's operative complaint, and will also likely impact the case schedule.

## I. INTRODUCTION

Defendant Federal Housing Finance Agency's ("FHFA") efforts to obstruct Change's FHLB-SF membership have reached a new and deeply concerning low. FHFA has now disregarded an *extension of time it offered and provided to Change* for Change to file its administrative appeal of FHLB-SF's denial of its third membership application. FHFA now takes the position that it will not even *consider* the appeal because it was filed one day after the standard deadline, when it was in fact filed on day one of the thirty-day extension provided by FHFA. This issue is properly before the Court because (1) it pertains to a breached agreement amongst counsel for the parties in this case, where the consideration to FHFA was an extension of time to meet a deadline before this Court; and (2) it may require Change to amend its pleadings in this case to encompass the matter now at issue with respect to Change's most recent membership application, which is now ripe for review by this Court and (3) it may merit a change to the deadlines set by this Court for filing of the parties' cross Motions for Summary Judgment.

## II. BACKGROUND

Change's Third Amended Complaint ("TAC") pertains to FHFA's unlawful actions with respect to the previous termination of Change's membership with FHLB-SF. As the Court is aware from claims pled in the TAC, Change subsequently filed a new application

for FHLB-SF membership on January 15, 2021 ("Third Application").[1] [Dkt. 56 at ¶ 122]. As counsel informed the Court at the last scheduling conference, FHLB-SF denied the Third Application on March 2, 2023. After this Court denied, in part, FHFA's motion to dismiss the TAC, the Court provided a deadline of April 24, 2023 for FHFA to serve the administrative record. [Dkt. 74.].

FHFA requested that Change stipulate to an extension of time to file the administrative record. On April 19, 2023, Douglas Winthrop of Arnold & Porter Kaye Scholer LLP, counsel for FHFA, called Tim Gorry, counsel for Change, and proposed that, in exchange for a 60-day extension of time for FHFA to submit the administrative record, FHFA would agree to a 60-day extension of time for Change to submit its appeal with the FHFA as it related to the Third Application. In response, Mr. Gorry informed Mr. Winthrop that, while he did not anticipate needing the offered extension to submit the appeal, "If [FHFA] is offering, [Change] will take it" and, to that end, asked Mr. Winthrop to state the proposed extension request in writing. [Decl. of Timothy J. Gorry ("Gorry Decl.") at ¶ 6.]. Later that same day, Mr. Winthrop sent an e-mail which proposed that "in consideration of Change stipulating to a 60-day extension of the deadline for submission of the administrative record, the Agency will agree to a 60-day extension of Change's deadline for appealing FHLB-SF's denial of its third membership application." [Gorry Decl. at Ex. A, p. 8.]. In response, Change expressed concern that these extensions would be "yet another in a series of delays in getting [Change's] membership status restored." [*Id*. at p. 7.]. Nonetheless, although Change did not anticipate requiring an additional 30-day extension to file its appeal, counsel for Change responded that "our client is willing to consider a 30 day extension if the FHFA can make that work." [*Id*.]. Because, of course, extension of a deadline to file the administrative record before this Court requires this Court's order, the parties ultimately filed a stipulation with respect to *FHFA's* request for extension of time.

---

[1] The Court dismissed claims related to the Third Application from the TAC, because at the time the TAC was filed, FHLB had not made any decision about the application and FHFA had no specific duty to act. [Order, Dkt. 72, at 10-12.].

1  [Dkt. 89.]. It was not appropriate for the Court to consider or approve Change's extension
2  to the administrative deadline, as FHFA had exclusive control over that deadline and the
3  timing of the administrative appeal was not before this Court.
4      Change has every interest in seeking speedy resolution of its appeal from the denial
5  of its Third Application. Therefore, notwithstanding FHFA's grant of a 30-day extension to
6  file it, Change used only one day of the granted extension period, submitting its
7  administrative appeal to FHFA's Deputy Director, Joshua Stallings, on June 1, 2023. [Gorry
8  Decl. at ¶¶ 10-11.]. On June 12, 2023, Mr. Stallings issued a letter to counsel for Change,
9  taking the position that Change's appeal was untimely. [Gorry Decl. at Ex. B]. Because Mr.
10 Stallings' letter made no mention of the 30-day extension of time, counsel for Change
11 responded with a June 15, 2023 letter reminding FHFA of same (and attaching the related
12 correspondence). [Gorry Decl. at Ex. C.]. However, on June 20, 2023, Mr. Stallings
13 responded with a letter asserting that "[t]he email correspondence attached to your June 15,
14 2023 letter confirms that there was no such agreement to extend Change Lending, LLC's . . .
15 regulatory deadline to file its appeal. . . ." [Gorry Decl. at Ex. D.].
16     Prior to submitting this motion, counsel for Change communicated with Mr.
17 Winthrop, who, despite the written communications between counsel, now denies that there
18 was an agreement to extend the deadline for Change to file its appeal. [Gorry Decl. at ¶¶ 12-
19 13.]. Counsel for Change then engaged in telephonic meet and confer with Mr. Winthrop to
20 secure his agreement to set a case management conference, for the purpose of discussing
21 Change's intent to amend its pleadings in light of the foregoing, and discussing the
22 scheduling implications of same (as Change is due to file its Motion for Summary Judgment
23 before this Court on July 21, 2023). [Gorry Decl. at ¶ 17.].
24 **III.   LEGAL ARGUMENT**
25     **A.   Good Cause Exists to Set a Case Management Conference.**
26     FHFA's actions have serious implications for the trajectory of this case. Change must
27 act expeditiously in order to protect its rights, and thus may need to amend its pleadings in
28 order to encompass FHFA's latest acts of obstruction. Because such amendments would

require leave of the Court pursuant to Fed. R. Civ. P. 15(b), as well as impact case scheduling, the Court's input and participation in this decision is critical.

**B.    Setting a Case Management Conference Will Have Minimal Impact on this Case and Will Not Prejudice the Parties.**

Granting the requested Case Management Conference will have minimal impact in this case. While it will require the Court to hold, and counsel to attend, a conference, proactively addressing case management and scheduling issues can only benefit the parties and the Court.

## IV.    CONCLUSION

For all the foregoing reasons, Change respectfully asks the Court to set a Case Management Conference at a time convenient for the Court.

Dated:  June 28, 2023                             **MICHELMAN & ROBINSON, LLP**

By:    /s/ Jon-Jamison Hill
Sanford L. Michelman
Timothy J. Gorry
Jon-Jamison Hill
Vincent Loh
Attorneys for CHANGE LENDING, LLC