IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANGE LENDING LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL HOME LOAN BANK OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05700-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING HEARING** |

　　　　Before the Court is the "Motion to Dismiss Third Amended Complaint as Moot," filed May 23, 2024, by defendants Federal Housing Finance Agency ("FHFA") and Sandra L. Thompson, in her official capacity as Director of FHFA ("Director") (collectively, "FHFA Defendants").  Plaintiff Change Lending LLC ("Change") has filed opposition, to which FHFA Defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for August 9, 2024, and rules as follows.

**BACKGROUND**

**A.　Allegations in Third Amended Complaint ("TAC")**

　　　　In the TAC, Change, a "certified Community Development Financial Institution" ("CDFI"), asserts claims arising out of its efforts to become a member of the Federal Home Loan Bank of San Francisco ("FHLB-SF"), a "member-owned cooperative wholesale bank" (see TAC ¶ 45), which entity is regulated by FHFA (see TAC ¶¶ 35-36). In particular, Change alleges that it first applied for membership in or about June 2018 (see TAC ¶¶ 48-50), that FHLB-SF approved Change's first application in December

2018 (see TAC ¶ 65), and that FHLB-SF "rescinded its prior approval of Change's membership" in September 2019, based on its determination that "Change had not satisfied the operating liquidity ratio requirement when it applied for membership" (see TAC ¶ 96).[1]  Change alleges that FHFA "rubberstamped" FHLB-SF's determination and "directed, or at a minimum, approved and authorized, FHLB-SF's retroactive nullification of Change's membership." (See TAC ¶ 96.)  Change further alleges that it reapplied for membership in January 2020 (see TAC ¶ 112), which second application was denied by FHLB-SF in May 2020 (see TAC ¶ 116), and which denial was upheld by FHFA (see TAC ¶¶ 117-18).  Lastly, Change alleges that, in January 2021, it submitted a third application for membership, which application, as of July 22, 2022, the date the TAC was filed, was pending (see TAC ¶¶ 122, 158).

Based on the above allegations, Change asserts two causes of action under the Administrative Procedure Act ("APA"), namely, the Third Count, brought against FHFA, and the Sixth Count, brought against FHFA and the Director, each of which challenges the September 2019 rescission of Change's membership.[2]  In the Third Count, Change alleges that FHFA, by authorizing FHLB-SF to rescind Change's membership, violated the APA, on the ground that the rescission was "inconsistent with the law and the very regulations FHFA itself promulgated." (See TAC ¶ 195.)  In the Sixth Count, Change alleges that FHFA and the Director, in authorizing the rescission of Change's membership, failed to comply with a statutory duty to "ensure" that FHLB-SF "complied with regulations promulgated by the Director." (See TAC ¶ 224.)  As relief, on both the Third and Sixth Counts, Change seeks a declaration that "Change remains a member of

---

[1] A CDFI seeking membership must show it "has an operating liquidity ratio of at least 1.0 for the four most recent quarters, and for one or both of the two preceding years, where the numerator of the ratio includes unrestricted cash and cash equivalents and the denominator of the ratio is the average quarterly operating expense." See 12 C.F.R. § 1263.16(b)(2)(iv).

[2] All other causes of action asserted in the TAC were dismissed by order filed January 23, 2023.

FHLB-SF" and that the "acts of voiding, nullifying[,] or rescinding Change's membership in FHLB-SF were invalid."  (See TAC, Prayer for Relief, ¶¶ E, H.)

**B. Post-Filing Events**

As noted, at the time the TAC was filed in July 2022, Change's third application for membership was pending.  It is undisputed that, thereafter (1) FHLB-SF, on March 2, 2023, although finding Change had met the operating liquidity ratio requirement, denied said application on other grounds, (2) Change, on September 19, 2023, submitted an administrative appeal to FHFA, (3) FHFA, on February 2, 2024, reversed FHLB-SF's determination, finding Change had met the requirements to be a member of FHLB-SF and directing FHLB-SF to approve the third application, provided Change submitted to FHLB-SF certain updated information, (4) Change subsequently provided the updated information to FHLB-SF, and (5) Change, in May 2024, became a member of FHLB-SF. (See Defs.' Mot. at 2:6-16, Ex. A; Pl.'s Opp. at 3:13-18.)

**DISCUSSION**

FHFA Defendants argue that the Third and Sixth Counts are moot, for the reason that, in May 2024, Change became a member of FHLB-SF.  In light of such changed circumstances, Change asserts, there no longer exists any live controversy between the FHFA Defendants and Change.

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies,'" Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013), and "courts have no business deciding legal disputes or expounding on law in the absence of such a case or controversy," id. (internal quotation and citation omitted).

Where, as here, a plaintiff seeks declaratory relief to remedy the controversy asserted in its complaint, the "test for mootness is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  See Center for Biological Diversity v. Lohn, 511 F.3d 960, 963 (9th Cir. 2007) (internal quotation, alteration, and citation omitted).  Further, where, as

here, the defendant is the government, "a case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interest of the [plaintiff]." See id. at 964 (internal quotation, alteration, and citation omitted).  The defendant has the "burden" to show a case is moot. Id. at 963.

As noted, Change seeks two forms of declaratory relief, which requests the Court considers in turn.

First, Change seeks a declaration that it "remains" a member of the FHLB-SF. (See TAC, Prayer for Relief, ¶¶ E, H.)  In light of the FHFA Defendants' undisputed showing that Change became a member of the FHLB-SF in May 2024 by reason of FHFA's approval of Change's third application for membership, the Court finds Change's request for a declaration that it is a member of FHLB-SF is moot.  Indeed, Change, in its opposition, does not argue to the contrary.

The parties, however, dispute whether Change's second request for declaratory relief, namely, its request for a declaration that the rescission of Change's membership in 2019 was "invalid" (see TAC, Prayer for Relief, ¶¶ E, H) is moot.  As FHFA Defendants point out, if the Court were to determine the 2019 rescission was invalid, a declaration to such effect would not provide Change with any relief, as it already has become a member of FHLB-SF, irrespective of said earlier-asserted invalidity.

In response, Change argues that "[n]othing prevents a repeat of the exact same illegal, retroactive nullification process FHFA and FHLB-SF previously employed." (See Pl.'s Opp. at 4:10-11.)  The record, however, includes no facts suggesting any controversy exists, or has ever existed, between FHFA and Change regarding the third application.  Under such circumstances, i.e., where a plaintiff has obtained the "ultimate objective" it sought when it filed the lawsuit, a contention that the defendant "might" apply the policy at issue "at some indeterminate time in the future is too remote and too speculative to save [the] case from mootness."  See Lohn, 511 F.3d at 964 (finding claim

moot where plaintiff sought declaration of unlawfulness as to policy agency used in determining species of whale was not endangered, given agency's subsequent conclusion said species was endangered; rejecting, as "remote and speculative," plaintiff's argument that agency might later apply same policy when determining whether other species were endangered); see also Headwaters, Inc. v. Bureau of Land Management, 993 F.2d 1012, 1015-16 (9th Cir. 1989) (holding claim seeking declaration that agency employed improper policies when it approved logging request was moot after logging had occurred; finding "[t]he application of the disputed policies to future sales [of logging rights] [was] too uncertain, and too contingent upon the [agency's] discretion, to permit declaratory adjudication predicated upon prejudice to [the plaintiff's] existing interests") (internal quotation and citation omitted).

Accordingly, absent a showing that an exception applies, Change's claim seeking a declaration that the 2019 rescission of its membership was invalid is moot.

Change argues two exceptions to mootness apply, namely, "voluntary cessation" and "wrongs capable of repetition yet evading review." See Lohn, 511 F.3d at 964 (listing "exceptions" to "mootness doctrine").

Under the "voluntary cessation" doctrine, where a defendant voluntarily ceases engaging in the challenged conduct, the plaintiff's claim challenging the conduct is not moot, unless the defendant can show there is "no reasonable expectation of a recurrence of the alleged violation." See Oregon Natural Resources Council, Inc. v. Grossarth, 979 F.2d 1377, 1379 (9th Cir. 1992) (internal quotation and citation omitted). Change's reliance on the voluntary cessation doctrine, however, is "misplaced," as Change did not become a member as a result of FHFA's cessation of the allegedly unlawful conduct, but, rather, as a result of Change's successful third application. See id. (holding, where plaintiff sought declaration that agency's impending sale of land was unlawful, claim became moot upon agency's cancellation of challenged sale; finding cancellation was "not a voluntary cessation" where cancellation occurred as result of plaintiff's "successful administrative appeal"); see also DeFunis v. Odegaard, 416 U.S. 312, 318 (1974)

(explaining "voluntary cessation" doctrine inapplicable where claim becomes moot for reasons other than "a unilateral change in the [policies] of the [defendant]").

Next, the "capable of repetition, yet evading review" exception applies only where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." See Hamamoto v. Ige, 881 F.3d 719, 722 (9th Cir. 2018) (internal quotation and citation omitted). "The plaintiff has the burden of showing that the exception applies." Department of Fish and Game v. Federal Subsistence Board, 62 F.4th 1177, 1181 (9th Cir. 2023).

The first requirement is satisfied where the "controversy" is "of inherently limited duration," meaning "the controversy will only ever present a live action until a particular date, after which the alleged injury will either cease or no longer be redressable." See id. at 722; ProtectMarriage.com-Yes on 8 v. Bowen, 752 F.3d 827, 836 (9th Cir. 2014) (providing, as example, "where a purportedly invalid law inhibits a political candidate or party's ability to win an election, [a court] can only remedy that impediment before the election occurs"). Here, any injury caused by a decision by FHFA to "direct[ ]" or "approve[ ] and authorize[ ]" (see TAC ¶ 96) a Federal Home Loan Bank to retroactively rescind approval of a membership application will exist indefinitely, not only to "a particular date," see Hamamoto, 881 F.3d at 722, and, consequently, Change has not shown the first requirement is met.

Moreover, Change has not shown the second requirement is satisfied. Although Change contends a ruling on the merits against FHFA "will arguably protect other FHLB members from similar Administrative overreach" (see Pl.'s Opp. at 8:1-5), a plaintiff, to meet the second requirement, must show there exists a "reasonable expectation" that the plaintiff itself will be "subject to the same action again." See ProtectMarriage.com-Yes on 8, 752 F.3d at 836. To the extent Change refers to its own circumstances, Change asserts only that "FHFA can simply re-establish Change as a member . . . and then employ the same extra-regulatory process to eject Change" (see Pl.'s Opp. at 7:13-15

(emphasis added)), a showing that is insufficient.  See Murphy v. Hunt, 455 U.S. 478, 482 (1982) (holding "mere physical or theoretical possibility" of recurrence insufficient; observing, if such showing was sufficient, "virtually any matter of short duration would be reviewable").  In sum, as to a declaration that the 2019 rescission was invalid, no exception to mootness exists.

Accordingly, the Third and Sixth Counts are subject to dismissal as moot.

## CONCLUSION

For the reasons stated above, FHFA Defendants' motion to dismiss is hereby GRANTED.

**IT IS SO ORDERED.**

Dated:  August 2, 2024

MAXINE M. CHESNEY
United States District Judge